UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES WILSON | * | CIVIL DOCKET NO. |
| | * | |
| VERSUS | * | |
| | * | JUDGE: |
| GERALD PORTZER, | * | |
| And AMTRUST NORTH | * | |
| AMERICA, INC. | * | MAG: |

*************************************************************************

## NOTICE OF REMOVAL

**To:** The Judges of the United States District Court for the Eastern District of Louisiana

Pursuant to 28 U.S.C. § 1446, Defendants, GERALD PORTZER and AMTRUST NORTH AMERICA, INC. ("Defendants"), with full reservation of any and all defenses, objections, and exceptions, hereby give notice of the removal of this civil action from the Civil District Court, Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. A copy of this Notice of Removal is also being filed with the Clerk of Court for the Civil District Court, Parish of Orleans, State of Louisiana. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. As grounds for this removal, Defendant respectfully represents that:

### BACKGROUND

1.

This action commenced against Defendants in the Civil District Court, Parish of Orleans, State of Louisiana, when Plaintiff filed his Petition for Damages on August 10, 2021, said action

02458314-1

1

being designated as Case No. 2-01-6793 Div. E-7 ("The State Court Action").  A copy of Plaintiff's Petition for Damages is attached as Exhibit "A".

2.

This lawsuit arises out of an alleged accident on May 20, 2021, in Orleans Parish, State of Louisiana *See* Petition for Damages, ¶ 3, contained within Exhibit "A".  Plaintiff alleges that on the day of the incident, he was traveling north on Earhart Boulevard, preparing to make left turn onto South Claiborne Avenue, when Gerald Portzer's vehicle allegedly attempted to make a left turn from the middle lane and struck the front passenger side of Plaintiff's vehicle *Id*. at ¶ 3 – 4.

3.

Plaintiff avers that Gerald Portzer is liable for failing to maintain control of his vehicle, driving in a careless and reckless manner, failing to keep a proper lookout, failing to see what should have been seen, making a left turn from the middle lane, and any other non-enumerated acts of negligence. *See* Petition for Damages, ¶ 9, contained within Exhibit "A".

4.

Plaintiff additionally claims that at the time of the accident, AmTrust North America, Inc., had in effect a policy of liability insurance, insuring the vehicle being driven by Gerald Portzer, and thus any liability for the accident is imputable on AmTrust North America, Inc. *Id.* at ¶ 7.

## JURISDICTIONAL BASIS FOR REMOVAL

5.

This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) the requisite diversity of citizenship exists between Plaintiff and Defendant.

**A.     The Amount in Controversy is Satisfied**

6.

As a result of the accident, Plaintiff claims that he suffered severe and debilitating injuries. Consequently, Plaintiff claims he has and will sustain, past, present and future: pain and suffering, medical expenses, property damage, lost wages, and other, non-enumerated damages. *Id.* at ¶ 10.

7.

Plaintiff alleges that Defendants were the proximate cause of plaintiff's injuries. *Id*.

8.

Further, Plaintiff's Petition does not set forth that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by La. Code Civ. Proc. art. 893(A)(1). While most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy, they have held that the omission is entitled to some consideration in the inquiry. *See, e.g., Trahan v. Drury Hotels* Co., LLC, 2011 WL 2470982, 4 (E.D. La. June 20, 2011); *Ford v. State Farm,* 2009 WL 790150, 4 (M.D. La. Mar. 25, 2009); *Broussard v. Multi–Chem Group, LLC,* 2012 WL 1492855, 2 (W.D. La. Mar. 14, 2012).

9.

When plaintiffs fail to allege a specific amount of damages in their petition, the court must "examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Plaintiff's counsel has provided medical records, which show that Plaintiff has been scheduled for a left L5-S1 transforaminal epidural steroid injection and a C6-7 epidural steroid injection. His physician, Dr. Eric Royster, has also considered surgical referral for Plaintiff's neck with the possibility of a spinal cord stimulator if there is no improvement. Plaintiff's allegations of injury are similar to others that have been found to satisfy the amount in controversy requirement. If proven, it is likely that the plaintiff's alleged damages will exceed the $75,000 threshold as evidenced by awards granted for similar injuries by Louisiana State Courts within the underlying jurisdiction:

A plaintiff with pre-existing injuries who suffered several disc herniations requiring the implantation of a spinal cord stimulator was awarded $3,717,928 in damages. *McAdams v. Mack; The Recreation and Parks Commission for The Parish of East Baton Rouge*, JVR No. 1901290045 (D. Ct. La. 2018). A plaintiff who alleged vocal cord paralysis and a brain injury in addition to cervical injury for which her physician recommended a future cervical fusion and a spinal cord stimulator, was awarded $743,663 in damages. *Baxter v. Utiliquest L.L.C.*, 2015 WL 2228520 (D. Ct. La. 2015). A plaintiff who suffered a herniated disc requiring two surgeries and the implantation of a spinal cord stimulator was awarded $2,550,000 in damages, including $215,000 in past medical expenses. *Wethey v. Harper¸* 2012 WL 7202398 (D. Ct. La. 2012).

10.

Based on the above cases, Plaintiff's damages, if proven, easily exceed the jurisdictional amount of $75,000.

11.

It is readily apparent that the amount in controversy in this case exceeds the jurisdictional threshold of $75,000.00. Therefore, the amount in controversy requirement is satisfied unless Plaintiff can establish that the claim is for less than the requisite amount to a "legal certainty." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).

**B.   There Is Complete Diversity of Citizenship**

12.

As alleged in his Petition, Plaintiff James Wilson is a citizen of the State of Louisiana. *See* Petition, Introductory Paragraph, included in Exhibit "A".

13.

AmTrust North America, Inc., is and was, at the time the state action was commenced, a Delaware corporation with its principal place of business in Ohio. AmTrust North America, Inc is thus a citizen of the States of Delaware and Ohio for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

14.

Defendant, Bradley D. Lott, is and was a resident and citizen of Alabama, both at the time of the filing of this suit and at the time of removal.

15.

Because Plaintiff is a Louisiana resident, and Defendants are citizens of Delaware and Ohio, and Alabama, respectively, complete diversity exists in this action.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

16.

Service of process was made on Gerald Portzer via the Louisiana Long Arm Statute on or about August 12, 2021. *See* Exhibit "A."

17.

Service of process was made on AmTrust North America Inc,, through its registered agent for service of process on August 23, 2021. *See* Affidavits of Service contained within Exhibit "A."

18.

Defendants file this Notice of Removal within thirty (30) days of receipt of other paper from which it was first ascertained that the case was removal. The Notice of Removal was also filed within one year of the commencement of this action on July 29, 2020. Therefore, removal is timely.

21.

The United States District Court for the Eastern District of Louisiana encompasses the parish in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 104(a) and 1441(a).

22.

Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the Clerk of the Civil District Court, Parish of Orleans, State of Louisiana, where the action is currently pending. Copies of the State Court Notice of Filing Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants respectfully removes this action, *"James Wilson versus Gerald Portzer and Amtrust North America, Inc.."* bearing docket number 2021-6793, Div. "E-7", from the Civil District Court, Parish of Orleans, State of Louisiana, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART**

*/s/ Ryan M. Malone*

**RYAN M. MALONE (#30607)**
**JOHN F. HERRICK (#38460)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana  70002
Telephone:  (504) 832-3700
Facsimile:  (504) 617-7636
rmalone@duplass.com
jherrick@duplass.com
**Counsel for Defendants, AmTrust North America, Inc., and Gerald Portzer**